Submitted on the record June 19, accused censured August 15, 2002

Inquiry Concerning a Judge re:

THE HONORABLE JOSEPH V. OCHOA,
*Accused.*

(CJFD 01-047; SC S49651)

51 P3d 605

David A. Hilgemann, Salem, attorney for accused.

John C. Fisher, Eugene, attorney for Commission on Judicial Fitness and Disability.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.*

PER CURIAM

---

* Leeson, J., did not participate in the consideration or decision of this case.

## PER CURIAM

This is a proceeding under ORS 1.420,[1] ORS 1.430,[2] and Article VII (Amended), section 8, of the Oregon Constitution, to inquire into the conduct of a circuit court judge. The Oregon Commission on Judicial Fitness and Disability (Commission) and the accused, Honorable Joseph V. Ochoa, a judge of the Circuit Court of the State of Oregon for Marion County, agreed to a Stipulation of Facts and Consent to Censure (censure), in which the accused stipulated that he engaged in conduct that violated the Oregon Code of Judicial Conduct JR 1-101(A) (observing high standards of conduct and acting in manner that promotes public confidence); JR 1-101(C) (engaging in conduct reflecting adversely on judge's character, competence, temperament, or fitness to serve as judge); and JR 2-110(B) (acting in manner that indicates bias or prejudice toward, *e.g.*, lawyers).

We set out the censure in pertinent part:

### "STIPULATED FACTS"

"If a contested hearing were held in this matter, clear, cogent and convincing evidence would be presented sufficient to establish the following facts:

"1. The Honorable Joseph V. Ochoa, Respondent, has been a Circuit Judge of the State of Oregon for the County of Marion from March 7, 1994 to the present.

"2. The Respondent was assigned responsibility for *State v. Ivaschenko* (Marion County Case No. 00 C 40947)

---

[1] ORS 1.420(1)(c) provides:

"The [Commission on Judicial Fitness and Disability] may allow the judge to execute a consent to censure * * *[.] If a consent is entered into under this paragraph, the judge and the commission must enter into a written stipulation of facts. The consent and stipulation of facts shall be submitted by the commission to the Supreme Court."

[2] ORS 1.430(2) provides, in part:

"If the [Commission on Judicial Fitness and Disability] has agreed to allow the judge to submit a consent to censure, * * * the Supreme Court shall review the stipulation of facts and the disciplinary action to which the judge has consented. If the Supreme Court approves the consent, the court shall censure the judge[.]"

on April 29, 2000. Ivaschenko was charged with several felonies. If convicted on all counts, he faced a minimum prison term of 90 months.

"3. The Defendant was represented by attorney Edward Leroy Dunkerly.

"4. On or about March 8, 2001, Dunkerly filed a motion to postpone the April 9, 2001 trial date. The motion was originally set for hearing on April 6, 2001. Respondent later rescheduled the hearing on Defendant's motion to postpone for March 29, 2001.

"5. Respondent's judicial assistant called Dunkerly to advise him that the hearing had been moved to March 29, 2001 because that date had cleared on the Respondent's schedule. Dunkerly inquired of the assistant about the possibility of resolving the motion on an earlier date because he had the opportunity to go to Europe with his wife, daughter and son-in-law if the trial was continued. Dunkerly was advised by the assistant that the Respondent's schedule was full, so a hearing on his motion could not be earlier. When Dunkerly inquired about a possible telephonic hearing, he was advised to make the request in writing.

"6. Because Dunkerly wanted to know as soon as possible whether the continuance would be granted, he went personally to the Marion County Courthouse on March 24, 2001 to deliver his motion for an accelerated hearing. When Dunkerly learned that Respondent had left earlier that day and would not be returning until March 29, 2001, he sought out the presiding judge. The presiding judge referred him to another judge, who granted the motion for a continuance in Respondent's absence.

"7. When Respondent returned to work on March 29, 2001, he discovered Dunkerly had obtained the postponement in his absence. The Respondent became very angry.

"8. Respondent left a message on Dunkerly's voice mail advising that he had rescinded the judge's order continuing the trial and criticized Dunkerly for having 'gone behind his back.'

"9. Respondent required the in-custody defendant to appear for a hearing in court without counsel on the morning of March 29, 2001. Respondent told the Defendant he would insist that the trial go forward with or without Dunkerly.

"10.   Respondent made disparaging comments about Dunkerly to the Defendant in court. Respondent stated that Dunkerly wanted a continuance so that he could go to Europe and was probably using the thousands of dollars paid to him by the defendant's family to go to Europe rather than try the defendant's case.

"11.   After receipt of Respondent's telephone message from his office, Dunkerly changed his schedule and returned from Europe early to deal with the situation. Dunkerly eventually withdrew from representation of the defendant because he felt the attorney/client relationship was irreparably harmed by Respondent's conduct.

"12.   Respondent ultimately recused himself from the case.

"13.   The Respondent has been forthright and cooperative in his response to the complaint herein and fully cooperative in the investigation. He has admitted the wrongful nature of his conduct. At the time of the incident, the Respondent was dealing with serious health and family issues which had a negative affect [sic] on his temperament. Since the incident the Respondent has taken substantial steps, including regular consultation with colleagues, counselors and medical professionals, in an attempt to insure that similar conduct does not occur in the future.

### "CONSENT TO CENSURE

"1.   Respondent agrees and stipulates that the behaviors described above are violations of Sections JR 1-101(A), JR 1-101(C) and JR 2-110(B) of the Oregon Code of Judicial Conduct adopted by the Oregon Supreme Court.

"2.   Respondent agrees and stipulates that based on such facts, the Commission could find that Respondent's conduct justifies censure and recommend the censure to the Oregon Supreme Court.

"3.   Respondent agrees to execute, and does hereby execute, this consent to censure as authorized by the terms of ORS 1.420(c), et seq."

Pursuant to ORS 1.430(2), the court has reviewed the stipulation of facts and the disciplinary action to which

the accused has consented. The court approves the consent to censure.

The accused is censured.