157 P.3d 183 (2007)
342 Or. 571
INQUIRY CONCERNING a Judge re The Honorable Joseph V. OCHOA, Accused.
(CJFD 05-23, SC S54152).
Supreme Court of Oregon.
Submitted on the Record February 22, 2007.
Decided April 12, 2007.
*184 Mark H. Wagner, Hoffman, Hart & Wagner LLP, Portland, attorney for accused.
Don H. Marmaduke, Special Counsel to the Oregon Commission on Judicial Fitness and Disability, Tonkon Torp, LLP, Portland, filed the brief for the Commission on Judicial Fitness and Disability.
Before De MUNIZ, Chief Justice, and GILLETTE, DURHAM, BALMER, KISTLER, and WALTERS, Justices.[*]
PER CURIAM.
This is a proceeding pursuant to ORS 1.420 and Article VII (Amended), section 8, of the Oregon Constitution, to inquire into the conduct of a circuit court judge.[1] The Oregon Commission on Judicial Fitness and Disability (commission) concluded that Joseph V. Ochoa (the accused), a Marion County circuit judge, had violated the Oregon Code of Judicial Conduct (the code) and *185 recommended that this court suspend the accused without pay for 30 days. This court reviews the record de novo. ORS 1.430. Based on that review, and with the exception noted below, we approve the commission's findings and recommendations and suspend the accused for a period of 30 days, during which he shall not receive the salary of his public office.
The commission made findings of fact regarding the accused's conduct, which we summarize as follows. On December 3, 2004, the accused presided over a criminal jury trial involving the misdemeanor charge of resisting arrest. During opening statements, the accused repeatedly admonished and belittled defense counsel in and out of the presence of the jury. In addition, the accused terminated defense counsel's opening statement after defense counsel commented on the defendant's innocence, and subsequently instructed the jury that defense counsel's comments were inappropriate and should be disregarded.
Following the opening statements, the accused allowed the prosecutor to elicit detailed testimony regarding a variety of subjects, but prohibited defense counsel from cross-examining on those same subjects. During the defense cross-examination that the accused did allow, the accused repeatedly admonished defense counsel, objected to her questions, and criticized her in and out of the presence of the jury. Throughout the trial, the accused, by words, expressions, and tone of voice manifested in and out of the presence of the jury an impatience, intemperance, bias, and prejudice against defense counsel. In doing so, the accused prejudiced the defendant's right to a fair trial. Finally, the accused, on his own motion, declared a mistrial. Over defense counsel's objections, the accused continued the defendant in custody and ordered a retrial date.
Before the start of the second trial, defense counsel moved to disqualify the accused for bias and to dismiss the case on former jeopardy grounds. Initially, the accused denied both motions. The prosecutor then pointed out to the accused that the presiding judge of the circuit court was required to rule on the motion to disqualify the judge.
The accused proceeded to undermine the defendant's confidence in his defense counsel and encouraged the defendant to dismiss her. Specifically, the accused told the defendant that if he chose to go to trial and if the facts were aggravated, he would "probably face more than a year [in prison]," but that if he resolved the case "today * * * in essence, you're released." Ultimately, the accused succeeded in convincing the defendant to dismiss his defense counsel and plead no contest to the charges against him.
At the commission hearing, the accused acknowledged his misconduct and indicated that he had taken and will continue to take steps to modify his behavior. The Presiding Judge of the Marion County Circuit Court described the accused as "the hardest-working judge in Marion County."
Following the hearing, the commission concluded that, by engaging in the conduct summarized above, the accused:
"1. failed to observe high standards of conduct so that integrity and impartiality of the judiciary are preserved and failed to act at all times in a manner that promotes public confidence in the judiciary and the judicial process in violation of JR 1-101(A);
"2. engaged in conduct that reflects adversely on the judge's character, temperament and fitness to serve as a judge in violation of JR 1-101(C);
"3. while a proceeding was pending in a court within his jurisdiction, made public comment that might reasonably be expected to affect the outcome and impair the fairness of the proceeding in violation of JR 2-103;
"4. failed to be faithful to the law and decide matters on the basis of the facts and applicable law in violation of JR 2-107;
"5. failed to be patient, dignified and courteous to a litigant and a lawyer in violation of JR 2-110(A); and
"6. acted in a way that he knows, or reasonably should know, would be perceived by a reasonable person as biased and prejudiced toward the litigant and the lawyer in violation of JR 2-110(B)."
*186 Based on the foregoing conclusions, which the accused does not contest in this court, the commission recommended that the accused be suspended for 30 days without compensation.
In In re Gallagher, 326 Or. 267, 951 P.2d 705 (1998), we identified a number of factors to be considered in determining an appropriate sanction. We consider, among other things, (1) whether the misconduct was frequent and exhibited a persistent and pervasive pattern of behavior; (2) whether there was an exploitation of the judge's position for personal interests; (3) whether there was an indirect economic detriment to the public; (4) whether the judge was experienced and familiar with the higher standards of conduct that apply to judges; (5) whether the misconduct adversely affected the public's perception of the integrity and dignity of the judiciary; and (6) whether there was a prior sanction. Id. at 287-88, 951 P.2d 705.
The commission found that the accused's misconduct did not demonstrate a pattern of frequent behavior, that there was no evidence that the accused exploited his position for personal interest, and that there was no evidence of any indirect economic detriment to the public.[2] However, the commission did find that the accused is an experienced judge and is well aware of the higher standards that apply to judges, that the accused was previously sanctioned regarding similar misconduct,[3] and that the misconduct in this case adversely affected the public's perception of the integrity and dignity of the judiciary.
Based on our review of the record we conclude that the 30-day suspension recommended by the commission is commensurate with the accused's misconduct.
Pursuant to Article VII (Amended), section 8, of the Oregon Constitution, the accused is suspended for a period of 30 days, during which he shall not receive the salary of his public office. The suspension shall commence on the effective day of this decision.
NOTES
[*] Linder, J., did not participate in the consideration or decision of this case.
[1] ORS 1.420 provides, in part:

"(1) Upon complaint from any person concerning the conduct of a judge or upon request of the Supreme Court, and after such investigation as the Commission on Judicial Fitness and Disability considers necessary, the commission may do any of the following:
"(a) The commission may hold a hearing pursuant to subsection (3) of this section to inquire into the conduct of the judge.
"(b) The commission may request the Supreme Court to appoint three qualified persons to act as masters, to hold a hearing pursuant to subsection (3) of this section and maintain a record on the matter referred to them and to report to the commission on the conduct of the judge.
"(c) The commission may allow the judge to execute a consent to censure, suspension or removal. If a consent is entered into under this paragraph, the judge and the commission must enter into a written stipulation of facts. The consent and stipulation of facts shall be submitted by the commission to the Supreme Court.
"(2) If the commission receives a complaint that appears to indicate that a judge has a disability as defined in ORS 1.303, the commission may refer the complaint to the Chief Justice of the Supreme Court for appropriate proceedings under ORS 1.303.
"(3) When a hearing is held by the commission or by masters as authorized in subsection (1) of this section, the hearing shall be public and all the testimony and evidence given and received in the hearing shall be public records. The judge shall have the right to be present at such hearing, to be represented by counsel, to present testimony and evidence and to cross-examine witnesses.
"(4) If, after hearing or after considering the record and report of the masters, the commission finds that the conduct of the judge justifies censure, suspension or removal from office, the commission shall recommend to the Supreme Court the censure or suspension or removal of the judge."
Article VII (Amended), section 8, of the Oregon Constitution provides:
"(1) In the manner provided by law, and notwithstanding section 1 of this Article, a judge of any court may be removed or suspended from his judicial office by the Supreme Court, or censured by the Supreme Court, for:
"(a) Conviction in a court of this or any other state, or of the United States, of a crime punishable as a felony or a crime involving moral turpitude; or
"(b) Wilful misconduct in a judicial office where such misconduct bears a demonstrable relationship to the effective performance of judicial duties; or
"(c) Wilful or persistent failure to perform judicial duties; or
"(d) Generally incompetent performance of judicial duties; or
"(e) Wilful violation of any rule of judicial conduct as shall be established by the Supreme Court; or
"(f) Habitual drunkenness or illegal use of narcotic or dangerous drugs.
"(2) Notwithstanding section 6 of this Article, the methods provided in this section, section 1a of this Article and in section 18, Article II of this Constitution, are the exclusive methods of the removal, suspension, or censure of a judge."
[2] Unlike the commission, we conclude that the accused's conduct caused an indirect economic detriment to the public in that additional court proceedings were required as a result of the accused's misconduct.
[3] See In re Ochoa, 334 Or. 484, 51 P.3d 605 (2002) (accused violated Oregon Code of Judicial Conduct JR 1-101(A) (failed to observe and act in manner that promotes public confidence), JR 1-101(C) (engaged in conduct reflecting adversely on judge's character, competence, temperament, or fitness to serve as a judge); JR 2-110(B) (acted in manner that indicates bias or prejudice toward lawyers)).